IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-09-3135 |
| v. | § | (Criminal No. H-05-326-1) |
| | § | |
| ROBERTO DANIEL CONCHAS, | § | |
| | § | |
| Defendant/Petitioner. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Roberto Daniel Conchas, has filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 335), together with a Memorandum in Support (Docket Entry No. 336).  The United States has filed a Response in which it moves for dismissal of Conchas' Petition (Docket Entry No. 339).  Conchas has filed a Traverse in opposition to the United States' motion (Docket Entry No. 340). For the reasons explained below, the court will deny Conchas' petition.

## I.  Factual and Procedural Background

A Drug Enforcement Administration ("DEA") investigation in 2005 produced substantial evidence that Conchas was a leader of a drug trafficking organization that acquired drugs in Mexico and distributed them in the United States.[1]  On August 8, 2005, Conchas

---

[1]Presentence Investigation Report ("PSR"), Docket Entry No. 201, ¶ 7.

was indicted by the United States for Conspiracy to Possess with the Intent to Distribute five kilograms or more of cocaine.[2] Conchas was arrested at his residence in Houston on that same day, and 4 kilograms of marijuana was found in his residence.[3] Conchas was debriefed on August 9, 2005, and although he admitted possession of the marijuana he denied being involved with cocaine distribution.[4] At around this time Raquel Wilson of the Federal Public Defenders Service was appointed to represent Conchas. Wilson represented Conchas at his arraignment and rearraignment.[5] On July 7, 2006, Conchas pleaded guilty in this court to the charge of Conspiracy to Possess with the Intent to Distribute five kilograms or more of cocaine.[6]

## A.   Sentencing

On September 13, 2006, Gerardo Montalvo replaced Wilson as Conchas' attorney.[7]   Prior to sentencing, the Probation Officer

---

[2]Indictment, United States of America v. Roberto Daniel Conchas, et al., Criminal Case No. H-05-326, Docket Entry No. 1. Conchas was indicted with the same charges by a Superseding Indictment on September 8, 2005, Docket Entry No. 63.

[3]PSR, Docket Entry No. 201, ¶ 34.

[4]Id. ¶ 37.

[5]Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Conchas' Petition"), Docket Entry No. 335, p. 5.

[6]Transcript of Rearraignments Before the Honorable Judge Sim Lake, United States District Judge, July 7, 2006 ("Rearraignment Transcript"), Docket Entry No. 277, p. 18 line 3.

[7]Appointment of Attorney Gerardo S. Montalvo for Roberto Daniel Conchas, Docket Entry No. 155.

produced a Presentence Investigation Report ("PSR") that described the details of Conchas' case and attributed a total of 153.73 kilograms of cocaine and 92 kilograms of marijuana to Conchas, for a sentencing equivalent of 30,838 kilograms of marijuana.[8]  This amount of drugs placed Conchas in a base offense level of 38, with a four-level increase for his role as an organizer of criminal activity and a three-level decrease for acceptance of responsibility, for a total offense level of 39.[9]  Based on Conchas' total offense level, the sentencing guideline range for his offense was 262 to 327 months.[10]  On December 8, 2006, Montalvo filed several objections to the PSR on Conchas' behalf, arguing that the evidence was insufficient to support the quantity of cocaine attributed to Conchas or to support the aggravating role enhancement he received as a leader of the criminal enterprise.[11]

Montalvo represented Conchas at the sentencing hearing on December 15, 2006.  The court denied the objections that Montalvo had submitted on Conchas' behalf.[12]  Conchas stated at the hearing that the PSR had been read to him in Spanish, and that he had no

---

[8]PSR, Docket Entry No. 1, ¶ 44.

[9]Id. ¶¶ 52-59.

[10]Id. ¶ 88.

[11]Defendant Roberto Daniel Conchas' Objections to the Presentence Investigation Report, Docket Entry No. 188.

[12]Transcript of Sentencing ("Sentencing Transcript"), Docket Entry No. 250, p. 4 lines 11-14.

further objections to it.[13]  When asked if he had any statement to make regarding sentencing, Montalvo stated:

> Briefly, Your Honor.   Just to point out that Mr. Conchas's family is here in support of him today; and we'd like the Court, despite the overruling of the objections, to, perhaps, consider a lower sentence that's closer to every other co-Defendant's sentence in this case.[14]

After hearing from the government, the court sentenced Conchas to a sentence of 262 months.  In explaining why the court imposed a sentence at the bottom of the guideline range, the court stated, "The Defendant barely meets the base offense level criteria for Level 38 given the amount of the drugs.  That's the reason I'm sentencing him . . . at the low end, that and in order to provide some uniformity of sentences."[15]

**B.   Post-Sentence Proceedings**

Conchas filed a direct appeal of his sentence to the Fifth Circuit, arguing that this court erred regarding the quantity of drugs attributed to him, the aggravating role enhancement attributed to him as a leader of the conspiracy, and the non-application of the safety valve.[16]  The Fifth Circuit affirmed

---

[13]Id., p. 3 lines 17-19; p. 4 line 20 - p. 5 line 4.

[14]Id., p. 5 line 25 - p. 6 line 4.

[15]Id., p. 6 lines 12-16.

[16]United States of America v. Roberto Daniel Conchas, No. 06-20990, per curiam opinion (5th Cir. 2008), Docket Entry No. 322.

Conchas' sentence on June 6, 2008.[17]  Conchas filed a petition for a writ of certiori to the United States Supreme Court. The petition was denied on October 6, 2008.[18]  On September 25, 2009, Conchas filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 335).  The United States has moved to dismiss the petition (Docket Entry No. 339).

## II.  **Conchas' Claims**

Conchas alleges that he was denied effective assistance of counsel.   In his petition and the accompanying memorandum he alleges a number of ways in which his counsel was ineffective:

> A.   His attorney advised him to plead guilty without explaining how much time he would receive.
>
> B.   His attorney failed to present any 3553(a) factors for mitigation, including:
>
> > 1.   His family circumstances;
> >
> > 2.   His drug addiction;
> >
> > 3.   His deportability;
> >
> > 4.   The low purity (18%) of the seized cocaine.
>
> C.   His attorney failed to move for a downward departure based on the fact that Conchas debriefed with the government.

---

[17]Id.

[18]Letter to Roberto Daniel Conchas from William K. Suter, Clerk for the United States Court of Appeals for the Fifth Circuit, October 6, 2008, Docket Entry No. 331.

D.   His attorney failed to prepare for the sentencing
     hearing or conduct a presentencing investigation.[19]

### III.  Standard of Review

Conchas filed his petition under 28 U.S.C. § 2255(a), which

provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction
> to impose such sentence, or that the sentence was in
> excess of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.  28 U.S.C. § 2255(a).

If the court concludes that the prisoner's motion is meritorious,

it must "vacate and set the judgment aside and shall discharge the

prisoner or resentence him or grant a new trial or correct the

sentence as may appear appropriate." Id. § 2255(b).

A motion under § 2255 "may not do service for an appeal,"

however, and a § 2255 petitioner "must clear a significantly higher

hurdle than would exist on direct appeal" in order to obtain

relief. United States v. Frady, 102 S.Ct. 1584, 1593 (1982).  Any

issues that were raised and rejected on direct appeal may not be

asserted in the context of a § 2255 motion.  United States v.

Webster, 392 F.3d 787, 791 (5th Cir. 2004).  Additionally,

"[n]onconstitutional claims that could have been raised on direct

---

[19]Conchas' Petition, Docket Entry No. 335; Petitioner's
Memorandum in Support of His 28 U.S.C. § 2255 ("Conchas'
Memorandum"), Docket Entry No. 336.

appeal, but were not, may not be asserted in a [§ 2255] proceeding." <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).

Only two types of claims may be raised in a § 2255 motion. <u>See</u> <u>United States v. Cervantes</u>, 132 F.3d 1106, 1109 (5th Cir. 1998). First, a § 2255 petitioner may raise a constitutional or jurisdictional claim. <u>Id.</u> If, however, the claim could have been raised on direct appeal, but was not, the petitioner must first show cause and prejudice. <u>Id.</u> Second, a § 2255 petitioner may assert any other type of claim that could not have been raised on direct appeal. <u>Id.</u> To obtain relief on this second type of claim the petitioner must show that allowing the asserted error to stand "would result in a complete miscarriage of justice." <u>Id.</u>

Conchas alleges that his constitutional right to effective assistance of counsel was violated. A claim of ineffective assistance of counsel is proper in a § 2255 motion because it raises an issue of constitutional magnitude and cannot generally be resolved on direct appeal. <u>United States v. Bass</u>, 310 F.3d 321, 325 (5th Cir. 2002).

A petitioner asserting ineffective assistance of counsel must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 104 S.Ct. 2052, 2064 (1984). The first prong of the test requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." Id. Counsel's representation must have been objectively unreasonable. Id. Reasonableness is measured against prevailing professional norms and must be viewed under the totality of the circumstances as they existed at the time. Id. at 2065. The court's review of counsel's performance is extremely deferential; the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Under the second prong the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Wilkerson v. Collins, 950 F.2d 1054, 1064 (5th Cir. 1992). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S.Ct. at 2069.

## IV.  Analysis

All of Conchas' claims allege ineffective assistance of counsel. The claims will therefore be analyzed under the Strickland standard.

### A.  Conchas' Claim that His Attorney Advised Him to Plead Guilty Without Explaining How Much Time He Would Receive

Conchas' first claim requires some interpretation because Conchas was represented by different lawyers at his rearraignment and at sentencing, but his petition and memorandum do not specify

-8-

which lawyer he is referring to.  The first claim in Conchas'
Petition states:   "Petitioner's attorney had him plead guilty
knowing that he would receive 262 months never explaining to the
Petitioner how much time he would receive nor did he even estimate
that much time."[20]  Because Wilson, the public defender, represented
Conchas when he entered his guilty plea, this complaint can only
logically refer to her.  Conchas' Memorandum, however, appears to
refer to Montalvo, who represented Conchas at sentencing.  The
Memorandum states:

> Petitioner's ineffective counsel came to see him one (1)
> day prior to the sentencing to show him the P.S.I. . . .
> and left a copy of the P.S.I. with me and told me that I
> would receive a 10 year sentence. . . At no time during
> any of my conversations with my counsel did he ever tell
> me exactly what he thought the time was I was going to
> receive.[21]

Since these complaints allege inadequate communication from
different lawyers at different times, the court will consider them
separately.

The court will first consider Conchas' allegations of Wilson's
deficient performance regarding his plea.  A prisoner claiming that
ineffective assistance of counsel at the pleading created a
constitutional error must show that "there is a reasonable
probability that, but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial."  Hill v.

---

[20]Conchas' Petition, Docket Entry No. 335, p. 4.

[21]Conchas' Memorandum, Docket Entry No. 336, p. 1.

Lockhart, 106 S.Ct. 366, 370 (1985).  Conchas cannot meet this standard.  He alleges that Wilson "had him plead guilty knowing that he would receive 262 months never explaining to the Petitioner how much time he would receive nor did he even estimate that much time."[22]  The court notes first that Wilson did not know at the pleading that Conchas would receive 262 months, nor could she have explained to Conchas how much time he would receive, because no one, including the court, knew at the time of the pleading how much time Conchas would receive.  Wilson's performance cannot be considered deficient for failing to do that which no lawyer could have done.  Assuming, however, that Conchas' claim is the more general complaint that Wilson did not provide him with adequate information about the possible sentence he might face, Conchas' argument still fails.  Whether or not Wilson explained to Conchas the range of sentences he could receive, the record makes clear that Conchas was advised of that range before he pleaded guilty. Magistrate Judge Mary Milloy advised Conchas at his arraignment on September 20, 2005, that his sentence could be as long as life.[23] Before accepting Conchas' plea, this court advised Conchas at his rearraignment that the minimum sentence he faced was ten years in prison, that the maximum possible sentence was life in prison, and

---

[22]Conchas' Petition, Docket Entry No. 335, p. 4.

[23]Arraignment Transcript, Docket Entry No. 251, p. 6 lines 15-16.

that no determination of his sentence had been made.[24]   The court
then explained in detail the procedure that would be followed to
determine his sentence.[25]   Conchas acknowledged under oath that he
understood his possible sentence range, and that he would be bound
by his guilty plea if the sentence should be longer than he
expected.[26]    Since Conchas pleaded guilty immediately after
acknowledging that his sentence could be as long as life, he cannot
show that he would have chosen to go to trial had Wilson advised
him that his sentence could be 262 months.   Regardless of what
Wilson told him, Conchas was aware at the time of his plea that his
sentence could be 262 months or longer.   Therefore, Conchas cannot
establish the prejudice to his defense necessary to show
constitutional error.

Regarding Montalvo's allegedly inadequate communication,
Conchas alleges both that Montalvo "told me that I would receive a
10 year sentence" on the day before sentencing, and that "[a]t no
time during any of my conversations with my counsel did he ever
tell me exactly what he thought the time was I was going to
receive."[27]  These claims are facially inconsistent.  In any event,
even assuming that one or the other of the claims were true,

---

[24]Rearraignment Transcript, Docket Entry No. 277, p. 13 lines 5-13.

[25]Id., p. 13 line 12 - p. 14 line 1.

[26]Id., p. 14 lines 3-12.

[27]Conchas' Memorandum, Docket Entry No. 336, p. 1.

Conchas cannot establish that Montalvo's alleged inadequate communication prejudiced his defense. First, Conchas states in the same paragraph in which he asserts these claims that Montalvo delivered the PSR to him.[28] The PSR states that the sentencing guideline range for Conchas' offense was 262 to 327 months.[29] Conchas acknowledged at his sentencing that the PSR had been read to him in Spanish, and he stated that he had no objections to it beyond those raised by Montalvo.[30] Regardless of what Montalvo may or may not have told him, Conchas was aware of the sentencing range he faced. Second, Conchas has not alleged that he would have pursued some other course, such as seeking to withdraw his guilty plea, had Montalvo advised him that he could receive 262 months. And third, even had Conchas sought to withdraw his guilty plea, he has presented no grounds under which the court would have allowed him to do so. For these reasons, the court concludes that any alleged deficiency in the communication by Montalvo concerning the possible sentencing range did not result in any prejudice to Conchas' defense; and, therefore, Conchas has failed to meet the second prong of Strickland for establishing constitutionally insufficient counsel.

---

[28]Id.

[29]PSR, Docket Entry No. 201, ¶ 88.

[30]Sentencing Transcript, Docket Entry No. 250, p. 3 lines 17-19; p. 4 line 20 - p. 5 line 4.

**B.   Conchas' Claim that His Attorney Failed to Argue for Mitigation Under 3553(a)**

Conchas argues that Montalvo provided ineffective assistance of counsel at sentencing because he failed to argue for mitigation based on a number of factors.   Before addressing the specific issues raised by Conchas, the court notes that Conchas received the minimum sentence under the applicable guideline range.   For Conchas to have received a lower sentence, the court would have had to have determined that a downward departure from the guideline range was appropriate.

The selection of a particular sentence as well as the decision to depart from the applicable sentencing guideline range are decisions left solely to the sentencing court.   Williams v. United States, 112 S.Ct. 1112, 1121 (1992).   The sentencing guide-lines enumerate certain factors that can never serve as bases for departure, but do not otherwise limit potential bases for departures.   Koon v. United States, 116 S.Ct. 2035, 2044-45 (1996). If the sentencing guidelines do not specifically mention a basis for departure, a district court must, "after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, decide whether it is sufficient to take the case out of the Guideline's heartland."   Koon, 116 S.Ct. at 2045. The Sentencing Commission has advised, however, that departures based on grounds not mentioned in the guidelines should be "highly infrequent."   United States v. Garay, 235 F.3d 230, 232

-13-

n.8 (5th Cir. 2000) (citing U.S. Sentencing Guidelines Manual ch. 1, pt. A, p. 6 (1995)).  A district court may depart from the applicable sentencing guidelines only if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  18 U.S.C.A. § 3553(b).

1.    Conchas' Family Circumstances

Conchas argues that Montalvo failed to argue for mitigation based on the fact that he has a wife, two children, and other family members to whom he owes obligations.  The court is not persuaded that Montalvo's counsel was ineffective in this regard.  First, Conchas' allegation is factually inaccurate since Montalvo pointed out to the court at the sentencing that Conchas' family was in the courtroom in support of him.[31]  Second, even had Montalvo failed to mention Conchas' family, no prejudice would have resulted to Conchas' defense as a result.  The court was already aware of Conchas' family obligations through the PSR.[32]  The court was also aware, however, that Conchas' drug-related activities had involved members of his family and had taken place in Conchas' own home.[33]

---

[31]Sentencing Transcript, Docket Entry No. 250, p. 6 line 1.

[32]PSR, Docket Entry No. 201, ¶¶ 69-72.

[33]PSR, Docket Entry No. 201, ¶¶ 34, 39, 41, and 43.

Considering that Conchas' conduct had placed his immediate family in legal jeopardy and physical danger, the court would not have been persuaded by any argument Montalvo could have made that the needs of Conchas' family required a downward departure from the guideline range.  The court concludes, therefore, that any failure by Montalvo to argue for mitigation on the basis of Conchas' family obligations did not prejudice Conchas' defense.

    2.   <u>Conchas' Drug Addiction</u>

Conchas argues that Montalvo provided ineffective assistance of counsel because he failed to argue for mitigation based on Conchas' history of drug addiction.  Conchas cannot show any prejudice to his defense due to this alleged defect.  Regardless of whether or not Montalvo brought the issue to the court's attention, the court was aware at sentencing of Conchas' history of drug abuse.  Conchas admitted his addiction to cocaine at his rearraignment,[34] and the PSR details a history of cocaine and alcohol abuse.[35]  Conchas has failed to present the court with any reason why it should consider this history of abuse as a mitigating factor.  Rather than mitigating his crimes, Conchas' history of drug abuse suggests, if anything, that he will have a greater incentive to engage in drug trafficking again when he is released

---

[34]Rearraignment Transcript, Docket Entry No. 277, p. 11 lines 1-6.

[35]PSR, Docket Entry No. 201, ¶¶ 76-77.

from prison.   The court would not have been persuaded by any argument Montalvo could have made to the effect that Conchas' history of drug addiction required a more lenient sentence.

### 3.   Conchas' Deportability

Conchas argues that Montalvo provided ineffective assistance of counsel because he failed to argue for a downward departure on the grounds that Conchas is a deportable illegal alien.   Conchas argues that such a departure is permissible under the standard articulated in Koon v. The United States, 116 S.Ct. 2035 (1996), because deportability is not a factor that the sentencing guidelines forbid from consideration.   He argues that a downward departure is justified because his sentence is harsher than a citizen would have received for the same offense in that, as a deportable alien, he is  ineligible for certain prison programs such as early release, transfer to a minimum security facility, or sentence reduction for addiction treatment.

A downward departure on the ground that the defendant is a deportable alien, while permissible under Koon, would be proper only in an extraordinary case.   Garay, 235 F.3d at 232-33.   Conchas has provided no evidence that his case is extraordinary.   "[T]he common facts of a long sentence and likely deportation" do not by themselves make a case extraordinary such as to warrant a downward departure.   United States v. Maldonado, 242 F.3d 1, 4-5 (1st Cir. 2001); see also United States v. Lopez-Salas, 266 F.3d 842, 849

-16-

(8th Cir. 2001) ("[T]he fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual."). The court is not persuaded that any of the circumstances of Conchas' case justify a departure from the sentencing guideline's heartland.  Therefore, even if Montalvo had urged the court for a downward departure based on Conchas' status as a deportable alien, the court would have declined to grant such a departure.  Since Montalvo's failure to make such an argument resulted in no prejudice to Conchas' defense, Conchas has failed to meet the second prong of the Strickland test.

Conchas also argues that his counsel was ineffective for failing to negotiate a recommendation for a reduced sentence from the government in exchange for his concession to deportation. Conchas does not specify whether this claim is directed at Wilson or Montalvo or both.  As explained in the paragraph above, a downward departure from the guideline range is only appropriate in an extraordinary case, and a defendant's status as a deportable alien does not make the case extraordinary.  See Garay, 235 F.3d at 232-33.  While the court would have considered a recommendation from the government for a reduced sentence, the court had already decided on a sentence at the bottom of the guideline range for other reasons.  Such a recommendation would not have induced the court to depart below the guideline range.  Because the attorneys'

failure to negotiate a recommendation for a reduced sentence in exchange for a concession to deportation did not result in any prejudice to Conchas' defense, the court concludes that Conchas cannot establish the second prong of Strickland regarding this claim.   Finally, and perhaps most importantly, Conchas has presented no evidence that the government would have been amenable to agreeing to make such a recommendation had Conchas' counsel requested it during plea discussions.   In sentencing criminal defendants for more than twenty years, the court cannot recall a single instance in which the government agreed to recommend a reduced sentence in exchange for an agreement to be deported.

4.   The Low Purity of the Seized Cocaine

Conchas argues that Montalvo provided ineffective assistance of counsel because he failed to argue for mitigation based on the relatively low purity, allegedly 18%, of the seized cocaine. Conchas argues, "mitigation could have been argued for the Petitioner that these percentages of drugs show that he was not a large scale dealer but a small-time user supporting his habit."[36]

The court notes first that the only evidence Conchas presents for his assertion that the drugs were only eighteen percent pure is his unsworn affidavit testimony, attached to the Memorandum, stating, "Prior to my sentencing my lawyer told me that the

---

[36]Conchas' Memorandum, Docket Entry No. 336, p. 11.

laboratory report shoed [sic] that the drug purity of my drugs was 18%."[37]  Conchas does not specify how much of the total amount of cocaine seized was allegedly eighteen percent pure, but even assuming that all of the 153.73 kilograms of cocaine attributed to Conchas was of low purity, the court would not have been persuaded by any argument Montalvo could have made to the effect that Conchas was only "a small-time user supporting his habit."  Small-time users do not possess 153.73 kilograms of cocaine, regardless of the purity.  The DEA investigation produced substantial evidence that Conchas was the leader of a drug-trafficking organization, and Conchas pleaded guilty to the crime of possession with intent to distribute five kilograms or more of cocaine.  Any argument that Conchas was a small-time user would have been implausible.

While Montalvo did not make the implausible argument that Conchas was a small-time user because of the low purity of the drugs, he did make a number of more reasonable objections to the PSR in an attempt to decrease the amount of cocaine attributed to Conchas.[38]  Although the court ultimately overruled all of Montalvo's objections because the weight of the evidence supported the quantity of cocaine listed in the PSR, Montalvo nevertheless made an effort to use the reasonable arguments available to him to

---

[37]Verification of Roberto Daniel Conchas, attached to Conchas' Memorandum, Docket Entry No. 336, ¶ 9.

[38]Defendant Roberto Daniel Conchas' Objections to the Presentence Investigation Report, Docket Entry No. 188.

reduce Conchas' sentencing guideline range.  Because Conchas cannot show that Montalvo was objectively unreasonable in advancing the arguments he advanced, rather than arguing that Conchas was a small-time user because of the allegedly low purity of the cocaine, the court concludes that Conchas has failed to meet the first Strickland prong.  Moreover, because Conchas cannot show that Montalvo's failure to raise an implausible argument prejudiced his defense, the court concludes that Conchas has failed to meet the second prong of Strickland as well.

## C.   Conchas' Claim that His Attorney Failed to Move for a Downward Departure Based on Conchas' Debriefing

Conchas argues that his counsel was ineffective for failing to request a reduction in his sentence based on the fact that Conchas debriefed with the government.  Conchas' argument appears to be that he received a longer sentence because his attorneys failed to negotiate with the government to make a USSG § 5K1.1 motion for a reduced sentence for Substantial Assistance to Authorities, and also because they failed to seek a reduction in his sentence under either 18 U.S.C. § 3553(e) or 18 U.S.C. § 3553(f).  These claims might apply to either Wilson or Montalvo.  The court concludes, however, that Conchas was not entitled to a reduced sentence by any of these means; and, therefore, counsels' failure to request a reduced sentence by these means did not prejudice Conchas' defense.

The central problem with Conchas' argument is that he did not debrief truthfully or provide substantial assistance to the

authorities in the investigation.  Conchas was debriefed only once, on August 9, 2005, the day after his arrest.[39]  At that time Conchas admitted to possession of marijuana but denied being involved with cocaine distribution.[40]  The findings of the DEA investigation, as well as Conchas' guilty plea to possession of cocaine with intent to distribute, make clear that Conchas was not truthful in his de-briefing.  Since Conchas was deceitful about the central issue of the investigation, and since Conchas has pointed to no other time when he debriefed or provided assistance to the government, his attorneys could not reasonably have argued that he provided substantial assistance to the authorities.

Because there is no reason to think that the government would have filed motions to reduce Conchas' sentence under § 5K1.1 or 18 U.S.C. § 3553(e) on the basis of Conchas' limited and untruthful debriefing, Conchas cannot show that his defense was prejudiced if his attorneys did not attempt to negotiate with the government to make such motions.  If Montalvo had argued at sentencing for a reduction under § 5K1.1 or  18 U.S.C. § 3553(e), the court would have denied the reduction because the government did not file a motion under § 5K1.1 or 18 U.S.C. § 3553(e).  Furthermore, Conchas was not eligible for a "safety valve" reduction because he failed the requirements of 18 U.S.C. § 3553(f)(4) in that he was a leader

---

[39]PSR, Docket Entry No. 201, ¶ 37.

[40]Id.

of the drug-trafficking organization, and failed 18 U.S.C. § 3553(f)(5) because he failed to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense."

For these reasons, the court concludes that Conchas' counsel could not have made any argument that would have reduced Conchas' sentence on the basis of his debriefing. The court concludes, therefore, that counsel's failure to make arguments for a reduction based on the debriefing did not result in prejudice to Conchas' defense, and consequently that Conchas has failed to meet the second prong of <u>Strickland</u>.

**D.   Conchas' Claim that His Attorney Failed to Prepare for the Sentencing Hearing or Conduct a Presentencing Investigation**

Finally, Conchas alleges that Montalvo "never prepared for sentencing nor did he do an investigation for sentencing."[41] Had Montalvo failed to do any preparation of any kind, his performance likely would have been deficient. The record, however, makes clear that Montalvo did prepare for sentencing. He filed six objection to the PSR that demonstrate a familiarity with both the facts of the case and the relevant sentencing guidelines.[42] Montalvo could not have filed these objections without preparation. Furthermore,

---

[41]Conchas' Petition, Docket Entry No. 335, p. 4.

[42]Defendant Roberto Daniel Conchas' Objections to the Presentence Investigation Report, Docket Entry No. 188.

-22-

at sentencing Montalvo showed a familiarity with the sentences given to other defendants in the case, and was able to argue for a lower sentence for Conchas based on uniformity with the sentences given to the other defendants.[43]   Although the court ultimately overruled all of Conchas' objections to the PSR, the court took note of the argument advanced by Montalvo that the amount of cocaine attributed to Conchas was only slightly above the minimum amount for a base offense level of 38.  The court noted this fact, as well as Montalvo's argument concerning the uniformity of sentences, in explaining the court's reasons for choosing a sentence at the bottom of the guideline range.[44]  Since Montalvo's objections and arguments clearly showed that he had prepared for sentencing, and since the court adopted some of Montalvo's arguments in choosing the lowest possible sentence in the guideline range, the court concludes that Conchas' claim regarding Montalvo's lack of preparation has no merit.  Montalvo's preparation for sentencing was objectively reasonable, and since Montalvo's efforts helped Conchas obtain the lowest sentence that he could reasonably have expected, the court concludes that any shortcoming in Montalvo's preparation created no prejudice for Conchas' defense. For these reasons, Conchas' claims about Montalvo's lack of preparation cannot pass the Strickland standard.

---

[43]Sentencing Transcript, Docket Entry No. 250, p. 6 lines 2-4.

[44]Id., p. 6 lines 11-15.

-23-

## V.   <u>Certificate of Appealability</u>

A party may not appeal a final order in a § 2255 proceeding unless a judge or a circuit justice first issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1).  Although Conchas has not yet requested a COA, the court may deny a COA <u>sua sponte</u>. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA for claims denied on the merits Conchas must make a substantial showing of the denial of a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S.Ct. 2562, 2569 (2004).  To make such a showing Conchas must demonstrate that the issues are debatable among reasonable jurists, that another court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further.  <u>See</u> <u>Tennard</u>, 124 S.Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, Conchas has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will be denied.

## VI.   <u>Conclusion and Order</u>

For the reasons explained above, Conchas cannot establish that any of the claims he has advanced meet the <u>Strickland</u> standard for ineffective assistance of counsel.  Therefore, Conchas' Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 335) is **DENIED**.

-24-

Furthermore, because Conchas has failed to make a substantial showing of the denial of a constitutional right, he is **DENIED** a certificate of probable cause to appeal.

 **SIGNED** at Houston, Texas, on this 20th day of January, 2010.

              _____
                  SIM LAKE
           UNITED STATES DISTRICT JUDGE